52    529
102   482

INHABITANTS OF BELFAST, APPELLANTS FROM DECISION OF COUNTY COMMISSIONERS OF WALDO COUNTY.

By c. 296 of the special laws of 1864, the city of Belfast is hereby authorized to erect and maintain a free bridge across the Passaggassawakeag river in said city, on or near the site of the toll bridge formerly erected across said river, called the Nickerson or upper bridge; said bridge to be built of suitable materials, and so constructed as to be safe and convenient for public travel, and to be provided with a draw of sufficient width for vessels to pass and repass.

This Act, neither in terms nor by implication, confers authority upon the County Commissioners to act in the premises.

Hence, where, upon refusal of the municipal officers of the city of Belfast to lay out a way under said Act, a petition was presented to the County Commissioners for Waldo county, under the general statute on ways, to lay out said way, who thereupon laid out the way prayed for and made their report thereon, from which an appeal was taken, a committee appointed, and the judgment of the County Commissioners affirmed in part, by the report of said committee: — *Held*, the County Commissioners had no jurisdiction, and the report of the committee should, for that reason, be rejected.

ON REPORT from *Nisi Prius*, DICKERSON, J., presiding.

Certain inhabitants of the city of Belfast petitioned the municipal officers of the city to "lay out and construct a bridge, or public town way, across the Passaggassawakeag river, on the site of the Nickerson or upper bridge, so called, agreeable to the charter or Act of the Legislature." The municipal officers refused to grant the prayer of the petition. Thereupon the petitioners presented a similar petition to the County Commissioners for Waldo county, alleging an unreasonable refusal on the part of the municipal officers in the premises, and claiming to be aggrieved thereby.

After due preliminary proceedings had, the Commissioners laid out the bridge and way prayed for, and duly made their report. From this decision of the Commissioners, the city of Belfast appealed, when a committee was agreed upon, which, after proper proceedings, heard the parties and returned their report to the Supreme Judicial Court, thereby

affirming in part the decision of the Commissioners. To the acceptance of this report, the city filed several written objections, one of which was the want of jurisdiction in the County Commissioners.

*N. Abbott*, for the appellants.

*W. G. Crosby*, for the respondents.

The opinion of the Court was drawn by

APPLETON, C. J.—The powers and duties of the County Commissioners are derived from and imposed by the statute conferring jurisdiction upon them. By the general law upon the subject, they have no authority to lay out roads over the tide waters of the State.

By a special Act, approved Jan. 27, 1864, c. 296, "the city of Belfast is hereby authorized to erect and maintain a free bridge across the Passaggassawakeag river in said city, on or near the site of the toll bridge formerly erected across said river, called the Nickerson or upper bridge; said bridge to be built of suitable materials, and so constructed as to be safe and convenient for public travel, and to be provided with a draw of sufficient width for vessels to pass and repass."

The Act is special and is not to be extended beyond its terms. It empowers the city of Belfast to do what, without it, would have been unauthorized and illegal. It imposes no duty. It gives simply a license to do an act. It is not compulsory. The city may erect a bridge in compliance with its terms or decline so to do. It is left to their option.

Neither does the Act in its language, or by implication, confer an authority upon the County Commissioners to act in the premises; and, as they have none under the general law of the State, their proceedings must be adjudged void.

*Report of committee rejected.*

CUTTING, DAVIS, KENT and WALTON, JJ., concurred.